UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY D. PAWLEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SGT BLIVEN, C/O SCHURCH, C/O MADSON,<br><br>Defendants. | Case No. 2:16-CV-0328-LRS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION TO ASSIGN COUNSEL |

BEFORE THE COURT are the Defendants' Motion to Dismiss (ECF No. 11) and Plaintiff's "Motion to Assign Counsel" (ECF No. 15).

Plaintiff's *pro se* prisoner Complaint has been screened and claims based upon 42 U.S.C. § 1983 alleging excessive force have been served upon the Defendants. These claims allege that, on June 27, 2016, while incarcerated at the Spokane County Jail, Plaintiff made a request to Defendant Bliven for medical treatment and then was told to lock down in his cell. Plaintiff asserts that while in his cell, Defendant Bliven peppered sprayed him after he questioned two directives to "cuff up." (ECF No. 1 at 4). After he was cuffed behind the back, Plaintiff claims Defendant Bliven instructed Defendant Schurch to take him to a different cell to "let him burn for a while" where he was slammed face first into the floor causing his left eye to split

ORDER – 1

open and repeatedly jumped on by Defendant Bliven, while Defendant Schurch and other officers landed on his back and legs. (ECF No. 1 at 4-6). Plaintiff alleges his eye required medical attention, including stitches. *Id.* The Complaint alleges Defendant Madson was the "floor officer" and a witness to the pepper spray incident. *Id*.

Defendants have filed a Motion to Dismiss (ECF No. 11) pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of the Complaint *with prejudice* and arguing it fails to state actionable claims against the Defendants in their official capacities. Plaintiff's Complaint does not specifically designate the capacity in which the suit is brought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (Where a complaint does "not clearly specify whether officials are sued personally, in their official capacity, or both," the course of proceedings "typically will indicate the nature of the liability sought to be imposed."). However, where a complaint is silent as to capacity, a personal capacity suit is typically presumed. *See e.g., Shoshone–Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). Claims against an individual in his official capacity are the functional equivalent of a suit against the entity of which he is an agent. *Kentucky v. Graham*, 473 U.S. 159 (1985). As previously held in this court's Screening Order (ECF No. 7) Plaintiff has not named Spokane County and the Complaint "fails to adequately allege that Spokane County engaged in a pattern or practice that resulted in the

ORDER – 2

deprivation of his constitutional rights." (ECF No. 6 at 7). Accordingly, Defendants' Motion to Dismiss is denied as the court has not directed service of any § 1983 official capacity claims against the Defendants or Spokane County.

Plaintiff has requested the court appoint him counsel to assist in his defense and gathering evidence. Circumstances common to most prisoners do not establish exceptional circumstances warranting appointment of counsel in an indigent prisoner § 1983 case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Moreover, the court may appoint only those attorneys who volunteer their time to assist an inmate. Plaintiff may seek pro bono assistance of counsel himself, however appointment of counsel at this time is unwarranted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (**ECF No. 11**) is **DENIED**. Defendants shall file their Answer not later than **February 21, 2017**.

2. Plaintiff's Motion to Assign Counsel (**ECF No. 15**) is **DENIED**.

3. A Telephonic Scheduling Conference shall be set by separate Notice.

The Clerk of the Court shall enter this Order and provide copies to counsel and the Plaintiff.

**DATED** this __7th__ day of February, 2017.

           *s/Lonny R. Suko*
           LONNY R. SUKO
    SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 3