UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JEREMY D. PAWLEY,

    Plaintiff,

v.

SGT. BLIVEN, C/O SCHURCH and C/O MADSON,

    Defendants.

No. 2:16-CV-0328-LRS

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

  **BEFORE THE COURT** is Defendants' Motion For Summary Judgment (ECF No. 27). Plaintiff was granted additional time until January 2, 2018, to file a response to the motion (ECF No. 37), but he has failed to respond. Defendants' motion is heard without oral argument.

  A failure to timely file a memorandum of points and authorities in opposition to any motion may be considered by the court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default. LR 7.1(d). Furthermore, pursuant to LR 56.1(d), in determining any motion for summary judgment, the court may assume the facts claimed by the moving party are admitted to exist except as and to the extent such facts are

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 1**

controverted by a statement of material facts filed by the non-moving party. Plaintiff, the non-moving party, has not filed a statement of material facts.

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995 (1992). Where prison officials have acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees, and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic standard," as opposed to the "deliberate indifference" standard, applies. *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986). When determining whether the force is excessive, the court looks at the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7, quoting *Whitley*, 475 U.S. at 321.

Based on the uncontroverted facts set forth in Defendants' Statement of Facts (ECF No. 28), as supported by the affidavits of Defendants Bliven, Schuerch and Madson, the affidavit of Gordon Thomas, and the DVDs of the incident at issue, the court concludes as a matter of law that force was applied to Plaintiff by the Defendants in a good-faith effort to maintain or restore discipline, and not for the purpose of maliciously and sadistically causing harm. In arriving at this conclusion, the court considered the extent of injury to Plaintiff, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by Defendants, and the efforts made by Defendants to temper the severity of a forceful response.

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 2**

| | |
|---|---|
| 1 | Defendants' Motion For Summary Judgment (ECF No. 27) is **GRANTED**. |
| 2 | Defendants are awarded judgment on the claims set forth against them in |
| 3 | Plaintiffs' Complaint (ECF No. 9). |
| 4 | **IT IS SO ORDERED**. The District Executive is directed to enter judgment |
| 5 | accordingly and forward copies of the judgment and this order to Plaintiff and to |
| 6 | counsel of record for Defendants. This file shall be closed. |
| 7 | **DATED** this 5th day of February, 2018. |

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge